# United States Tax Court

T.C. Summary Opinion 2023-17

CYNTHIA L. HAILSTONE AND JOHN LINFORD,
Petitioners

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 8540-20S.                          Filed April 24, 2023.

————

Cynthia L. Hailstone and John Linford, pro sese.

*Michelle A. Monroy* and *Michael S. Hensley*, for respondent.


## SUMMARY OPINION

LEYDEN, *Special Trial Judge*:  This case was submitted pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the Petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this Opinion shall not be treated as precedent for any other case.

In the notice of deficiency dated January 20, 2020, upon which this case is based, respondent determined a deficiency in petitioners' federal income tax for 2017 of $21,910 and an accuracy-related penalty under section 6662(a) of $4,382.

---

[1] Unless otherwise indicated, all statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, all regulation references are to the Code of Federal Regulations, Title 26 (Treas. Reg.), in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

After concessions,[2] the issues for decision are whether for 2017 (1) disability payments petitioner husband received are excludable from petitioners' income under section 105 and (2) petitioners are liable for the accuracy-related penalty. The Court concludes that for 2017, after the application of section 6015(c) with respect to petitioner wife, petitioner husband's disability payments are not excludable from his gross income under section 105 and that petitioner husband is liable for the accuracy-related penalty under section 6662(a).[3]

## *Background*

Some of the facts have been stipulated and are so found. The Stipulation of Facts and accompanying Exhibits are incorporated herein by this reference. Petitioners resided in California when the Petition was filed.

I.   *Petitioner Husband's Disability Payments*

On September 8, 2014, petitioner husband was hired to work for an insurance agency and brokerage company. Petitioner husband sold Medicare supplement plans and Medicare Advantage plans for the company and did not sell disability insurance.

The company provided disability insurance for its employees, including petitioner husband. On June 1, 2011, the company purchased a group disability policy from Principal Life Insurance Co. The policy was amended effective December 1, 2013. Under that policy, as amended, the company's employees were not required to contribute to the policy premiums. Rather, the company was required to pay 100% of

---

[2] Respondent concedes that petitioner wife qualifies for relief from joint and several liability under section 6015(c) because respondent did not meet his burden of proving that petitioner wife had actual knowledge of the unreported income. Petitioner husband did not challenge that respondent did not meet his burden of proof under section 6015(c). Respondent further concedes that petitioner husband did not receive unreported nonemployee income of $4,515 and that he is not liable for a 20% additional tax on a distribution of $2,891 from a health savings account.

[3] Because the disability payments and accuracy-related penalty at issue in this case are attributable solely to petitioner husband and the parties conceded that petitioner wife is entitled to innocent spouse relief under section 6015(c), petitioner wife is not liable for either the deficiency due to the unreported disability payments or the section 6662(a) accuracy-related penalty. *See* Treas. Reg. § 1.6015-3(d)(4)(i)(B)(*1*), (iv)(B).

the premiums. The policy allowed the company to have a covered employee pay 25% of the premiums if there were three or more insured employees. However, the company did not choose this option.

Petitioner husband incurred an unidentified disability in December 2014, and he filed a workers' compensation claim on December 11, 2014. Petitioner husband was terminated by the company on November 17, 2015.

On May 30, 2017, Principal Life Insurance Co. approved petitioner husband's disability claim under the policy for the period of December 18, 2014, through November 17, 2015. During 2017, and with respect to his disability claim, petitioner husband received $105,000 of disability payments from Principal Life Insurance Co. and a 2017 Form W–2, Wage and Tax Statement, reporting those payments.

## II.    *Petitioners' 2017 Joint Federal Income Tax Return*

Petitioners timely filed a joint federal income tax return for 2017. They did not report the disability payments of $105,000 petitioner husband received in 2017.

## III.    *IRS Examination of Petitioners' 2017 Tax Return*

The Internal Revenue Service (IRS)[4] examined petitioners' 2017 tax return through its Automatic Underreporter (AUR) program. The IRS issued a CP2000 Notice dated October 21, 2019, and proposed a deficiency of $21,910 and an accuracy-related penalty of $4,382. Petitioners did not respond to the CP2000 Notice.

*Discussion*

## I.    *Burden of Proof*

In general, determinations set forth in a notice of deficiency are presumed correct, and the taxpayer bears the burden of proving that the

---

[4] The Court uses the term "IRS" to refer to administrative actions taken outside of these proceedings. The Court uses the term "respondent" to refer to the Commissioner of Internal Revenue, who is the head of the IRS and is respondent in this case, and to refer to actions taken in connection with this case.

determinations are in error. Rule 142(a); *Welch v. Helvering*, 290 U.S. 111, 115 (1933).

Under section 7491(a), the burden of production may shift to the Commissioner if the taxpayer produces credible evidence with respect to any relevant factual issue and meet other requirements. Petitioners have not argued that section 7491(a) applies, and therefore, the burden of proof remains with them. *See Higbee v. Commissioner*, 116 T.C. 438, 442–43 (2001).

II.  *Disability Payments*

The term "income" as used in the Internal Revenue Code means income from any source, including any accretion to the taxpayer's wealth. *See* I.R.C. § 61(a); *Commissioner v. Glenshaw Glass Co.*, 348 U.S. 426, 429–30 (1955). The disability payments are includable in income unless an exclusion applies.

Certain accretions to a taxpayer's wealth are by statute excludable from a taxpayer's income, but those statutory exclusions are narrowly construed. *See, e.g.*, *O'Gilvie v. United States*, 519 U.S. 79 (1996); *Commissioner v. Schleier*, 515 U.S. 323, 328 (1995). Petitioner husband asserts that the disability payments are excludable from gross income under section 105 because although the company paid the premiums for the disability insurance, the company could have allowed him to do so.

Section 105 governs amounts received under accident and health plans. *See Dzioba v. Commissioner*, T.C. Memo. 1989-203. While the statutory framework is admittedly confusing, section 105 works as follows. First, section 105(a) provides a more specific rule than the general income inclusion rule under section 61 for when amounts received by an employee through accident or health insurance for personal injuries or sickness are excludable from income.[5] If a disability payment under a disability insurance policy is not attributable to contributions by an employer or paid by the employer and the payment

---

[5] The Court assumes, without deciding, that the disability payments constitute an amount received by an employee through accident or health insurance for purposes of section 105(a).

meets the requirement of section 105(c), then it is excludable from gross income.

Specifically, section 105(a), "Amounts Attributable to Employer Contributions," provides as follows:

> Except as otherwise provided in this section, amounts received by an employee through accident or health insurance for personal injuries or sickness shall be included in gross income to the extent such amounts (1) are attributable to contributions by the employer which were not includible in the gross income of the employee, or (2) are paid by the employer.

While petitioner argues that the policy allowed the company to choose an option to permit an employee to pay part of the premiums, the record is clear that the company did not choose that option and did not allow employees to pay any amount of the premiums. Rather, the record shows that the policy premiums were paid by the company. Therefore, under section 105(a) the amounts of the disability payments were paid under a policy for which the contributions (premiums) were paid by the company, and the exclusion under section 105(c) does not apply. Rather, under section 61 the disability payments petitioner husband received in 2017 are includible in his gross income.

III.  *Accuracy-Related Penalty*

Section 6662(a) and (b)(2) imposes an accuracy-related penalty equal to 20% of the amount of any underpayment of tax required to be shown on a return that is attributable to any substantial understatement of income tax. An understatement is "substantial" if it exceeds the greater of $5,000 or 10% of the tax required to be shown on the return. I.R.C. § 6662(d)(1)(A). Respondent has determined an accuracy-related penalty on the basis of a substantial understatement of income tax.

A.  *Burden of Production*

The Commissioner bears the burden of production with respect to an individual taxpayer's liability for any penalty. I.R.C. § 7491(c); *Higbee*, 116 T.C. at 446–47. Once the Commissioner meets his burden of production, the taxpayer must come forward with persuasive evidence

that the Commissioner's determination is incorrect. *See* Rule 142(a); *Welch v. Helvering*, 290 U.S. at 115.

The Court has held that substantial understatement penalties determined by an IRS AUR computer program without human review are "automatically calculated through electronic means" and thus are exempt from the written supervisory approval requirement that generally applies to such penalties. *See Walquist v. Commissioner*, 152 T.C. 61, 73 (2019). This exception includes returns processed through the AUR program when the IRS issues a CP2000 notice to a taxpayer and the taxpayer fails to respond to the notice. *See Walton v. Commissioner*, T.C. Memo. 2021-40, at *9–10; *Ball v. Commissioner*, T.C. Memo. 2020-152, at *12–13.

Respondent has asserted, and the record supports him, that the accuracy-related penalty at issue was automatically calculated through electronic means and, therefore, falls within the section 6751(b)(2)(B) exception to the written supervisory approval requirement. Further, the record shows an understatement of tax which meets the definition of a substantial understatement of income tax. *See* I.R.C. § 6662(d). Thus, respondent has met his burden of production with respect to the accuracy-related penalty.

### B. *Reasonable Cause and Good Faith*

A taxpayer may avoid a section 6662(a) penalty by showing that there was reasonable cause for the underpayment and that the taxpayer acted in good faith. I.R.C. § 6664(c)(1). This determination is made on a case-by-case basis, taking into account all pertinent facts and circumstances. Treas. Reg. § 1.6664-4(b)(1). In making that determination, "the most important factor" is usually "the extent of the taxpayer's effort to assess the taxpayer's proper tax liability." *Id.*

Petitioner husband asserts that he should not be liable for the penalty because he "did not feel that taxes were due on that disability amount." However, petitioner husband does not dispute that he received the disability payments nor that he received the Form W–2 that reported them. Petitioner husband did not rely upon a tax adviser or accountant to prepare petitioners' tax return. Rather, he used a commercial tax return preparation software program. He testified that he did not see a prompt for reporting the disability payments, and thus, he did not report them.

Based on the record the Court concludes that petitioner husband did not have reasonable cause and did not act in good faith in not reporting the disability payments. Accordingly, the Court finds that if the computations under Rule 155 establish that there is a substantial understatement of income tax for 2017 as a result of the Court's holdings and respondent's concessions, then petitioner husband has substantially understated the income tax and the imposition of the accuracy-related penalty with respect to petitioner husband is sustained.

To reflect the foregoing,

*Decision will be entered under Rule 155.*